IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ELIZABETH BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23-cv-1071 (LMB/WEF) |
| ) | |
| LUXURBAN HOTELS, INC., ) | |
| ) | |
| Defendant. ) | |

<u>MEMORANDUM OPINION</u>

Before the Court is plaintiff Elizabeth Brown's ("plaintiff" or "Brown") Motion for Default Judgment, [Dkt. No. 10] ("Motion for Default Judgment"), against defendant LuxUrban Hotels, Inc. ("defendant" or "LuxUrban") in an action for breach of contract based on defendant's failure to comply with the parties' settlement agreement. For the reasons that follow, plaintiff's Motion for Default Judgment will be granted.[1]

I.

Plaintiff Elizabeth Brown is a resident of Maryland and previously worked as an executive from the summer of 2019 until her termination on November 4, 2022 for defendant LuxUrban Hotels, Inc., a publicly traded corporation organized under the laws of Delaware, headquartered in Miami, Florida. Defendant provides short and long-term accommodations to travelers. [Dkt. No. 1] at ¶¶ 3-6. After her termination, Brown contacted LuxUrban through counsel regarding various claims she had related to her work at the company. Thereafter, the parties engaged in settlement negotiations, again with the assistance of counsel, and on May 16,

---

[1] The Court heard oral argument on plaintiff's Motion for Default Judgment on February 23, 2024. Defendant did not appear or inform the Court of its inability to appear.

2023, the parties finalized a settlement agreement which both Brown and LuxUrban signed (the "Settlement Agreement"). Pursuant to the Settlement Agreement, LuxUrban agreed to compensate Brown as follows:

a) <u>Alleged Compensatory Damages</u>. A check made payable to Elizabeth Brown in the amount of $2,200;
b) <u>Restricted Stock Units ("RSU")</u>. 50,000 Restricted Stock Units of LuxUrban stock, which will be immediately vested upon transfer to Brown; and
c) <u>Attorneys' Fees and Costs</u>. A check payable to Zipin, Amster, & Greenberg, LLC for $97,800, as attorneys' fees and costs.

[Dkt. No. 1] at ¶ 15 (requiring payment to be made within 30 days of the Settlement Agreement).

LuxUrban failed to comply with all the terms of the Settlement Agreement. As a result, on August 14, 2023, Brown filed her Complaint, which alleged that as of that date, LuxUrban had only paid the $2,200 compensatory damages to plaintiff. [Dkt. No. 1]. Shortly thereafter, LuxUrban issued Brown the required stock option portion of the Settlement Agreement but did not pay the agreed upon attorneys' fees. On November 15, 2023, because LuxUrban failed to respond to the properly served Complaint, plaintiff requested an entry of default against LuxUrban, [Dkt. No. 7], which the Clerk granted on November 21, 2023, [Dkt. No. 9]. On January 4, 2024, plaintiff filed the pending Motion for Default Judgment, [Dkt. No. 10],[2] seeking a judgment for the unpaid attorneys' fees defendant had agreed to pay to Zipin, Amster, & Greenberg, LLC, as well as the reasonable attorneys' fees and costs associated with bringing this civil action to enforce the Settlement Agreement.[3]

---

[2] In its Order setting the hearing, the Court required that counsel for plaintiff notify any and all counsel or registered agents that were part of settlement negotiations of the Court's hearing on the Motion for Default Judgment. At oral argument, counsel for plaintiff represented that she exchanged emails with counsel for LuxUrban regarding the scheduled hearing, but counsel for LuxUrban did not indicate an intent to appear or respond to the motion.

[3] Counsel for plaintiff represents that during negotiations LuxUrban agreed to pay a $2,500 fee for extension of time to pay the attorneys' fees on or before August 4, 2023, [Dkt. No. 1] at ¶ 25

2

II.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After securing the entry of default, if the claim is not for a sum certain, a plaintiff must apply to the court to enter a default judgment. Fed. R. Civ. P. 55(b)(2). "The decision to enter default judgment lies within the sound discretion of the court." STL Emirates Logistics, LLC v. Tamerlane Glob. Servs., Inc., 2014 WL 12660119, at *2 (E.D. Va. Dec. 11, 2014) (citations omitted).

When a defendant is in default, "the well-plead allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." JTH Tax, Inc. v. Olivo, 2016 WL 595297, at *3 (E.D. Va. Feb. 12, 2016) (quoting S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 422 (D. Md. 2005)). A complaint's well-pleaded allegations must not be speculative but must be factual allegations that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In assessing liability under Rule 55, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, 187 F.3d 628, *1 (4th Cir. 1999) (citation omitted). A court then must independently determine the appropriate amount of damages. JTH Tax, Inc., 2016 WL 595297, at *3. To do so, a court may, within its discretion, hold an evidentiary hearing on damages or may consider documents within the record, including affidavits. STL Emirates Logistics, LLC, 2014 WL 12660119, at *2.

---

(totaling $100,300 for attorneys' fees and costs); however, LuxUrban never made the payment. At oral argument, counsel for plaintiff stated that, on at least one occasion in December 2023 or January 2024, counsel for LuxUrban agreed to pay the attorneys' fees; however, such payment was not made and counsel for LuxUrban stopped responding.

3

III.

The Court has subject-matter jurisdiction over this civil action under 28 U.S.C. § 1332 (federal diversity jurisdiction) because plaintiff is a resident of Maryland, defendant is a company incorporated in Delaware with its principal place of business in Florida, and the amount in controversy exceeds $75,000. Service of the Complaint was proper, as reflected on the docket sheet, because plaintiff's process server served LuxUrban's registered agent, Jimmie Chatmon, 2125 Biscayne Blvd., Suite 253, Miami, FL 33137, on October 19, 2023, at 10:15 a.m. [Dkt. No. 6] ("Summons Returned Executed"). Venue is appropriate because the parties stipulated in their Settlement Agreement that it "shall be enforced in accordance with the laws of the Commonwealth of Virginia, and the Parties agree that any litigation to enforce the provisions of this Agreement will take place in Virginia. In the event of litigation regarding this Agreement, the Parties expressly submit to the jurisdiction of the federal and state courts located in Virginia." [Dkt. No. 1] Ex. 1 at 6, ¶ 13.[4]

IV.

This civil action involves a straightforward breach of contract claim wherein plaintiff argues that LuxUrban failed to pay attorneys' fees and costs which LuxUrban had agreed to pay as part of the parties' written Settlement Agreement. Despite ample opportunity and notice to cure the breach, as of the date of the hearing, LuxUrban has not paid the attorneys' fees it agreed to pay, and has not appeared in this litigation.[5] In the Settlement Agreement, the parties acknowledged that "any Party found to have breached this Agreement will be liable for the

---

[4] The parties' Settlement Agreement was attached as an exhibit to plaintiff's Complaint.

[5] In October 2023, counsel for plaintiff returned a check to defendant for insufficient funds, at which point counsel for both parties attempted to resolve the dispute before plaintiff filed a Motion for Entry of Default and Motion for Default Judgment.

4

damages, reasonable attorneys' fees, and expenses resulting from any such breach, and also for equitable relief." [Dkt. No. 1] Ex. 1 at 7, ¶ 96 ("Breach of Agreement").

Plaintiff requests a judgment against LuxUrban in the amount of:

| | |
|---|---|
| Unpaid Settlement Funds: | $97,800 |
| Costs for this action: | $767 |
| Returned Check Fee: | $16 |
| Attorneys' Fees since breach: | $30,800 |
| Interest:[6] | $3,847.55 |
| **Total:** | **$133,230.55** |

Although plaintiff is entitled to recover her attorneys' fees incurred in having to file this civil action, the hourly rate used to calculate the $30,800 figure sought is unreasonable. Plaintiff has based the hourly rate sought not on counsel's actual hourly rate, but on an average of figures derived from the Vienna Metro Matrix. See [Dkt. No. 10] at 3 ("Primary counsel for the Plaintiff, possessing 11-19 years of experience, falls within a rate range of $520-770").[7] That matrix is not applicable here because counsel has submitted an affidavit stating that her "standard hourly rate of $425 per hour is reflective of [her] extensive experience and specialization." [Dkt. No. 10] Ex. 4. As such, that rate, which is reasonable given counsel's regular hourly rate, is the proper hourly rate in calculating plaintiff's attorneys' fees since the breach.[8]

---

[6] Plaintiff calculated the interest on the unpaid settlement funds to run from June 23, 2023 through December 30, 2023, at a rate of 6%, to be $2,981.39. [Dkt. No.10] at 2 (citing Va. Code § 6.2-302). At oral argument, the Court permitted counsel for plaintiff to update the figure to run through February 23, 2024, which has been calculated to be $3,847.55. See [Dkt. No. 17].

[7] [Dkt. No. 10] at 3 ("Calculating these hours at the median rate of $645 results in attorneys' fees totaling $25,800. If the maximum rate is applied, these fees would amount to $30,800.").

[8] The Court finds that an upward or downward departure of this rate based on the factors set forth in Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (citing Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)), is not necessary.

5

Counsel for plaintiff claims that since the breach of the Settlement Agreement in June 2023, "counsel has expended approximately 40 hours in efforts to secure payment." [Dkt. No. 10] at 3. Having reviewed the billing statement for which plaintiff's counsel seeks compensation, attached as Exhibit 2 to plaintiff's Motion for Default Judgment, the Court finds that time expended in litigating the breach and Motion for Default Judgment is reasonable.[9]

Accordingly, plaintiff's Motion for Default Judgment, [Dkt. Nos. 10 & 17], will be granted by an Order to be issued with this Memorandum Opinion. Judgment will be entered in favor of plaintiff and against defendant in the total amount of $119,728.05, consisting of $97,800 in unpaid settlement funds; $767 in costs; $16 in returned check fees; $17,297.50 in attorneys' fees (40.7 hours x $425/hour); and $3,847.55 in interest up to February 23, 2024 on the unpaid settlement funds.

Entered this 23rd day of February, 2024.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

---

[9] Plaintiff has provided a declaration from counsel Edith Thomas attesting that the billing entries were recorded contemporaneously with the work performed, and the billing statement identifies the amount of time expended, the tasks performed, and the rate of the particular timekeeper involved. [Dkt. No. 10] Exs. 2, 3, 4 ("Undersigned counsel has audited and reviewed the billing statement generated in this matter and cut any unnecessary or excessive work.").